# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7694 | **DATE** | 2/18/2004 |
| **CASE TITLE** | Angela Mann vs. Experian Information Solutions & Hogan Information Services Company (incorrectly sued as Dolan Information). | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Mann has failed to demonstrate that Hogan willfully or negligently failed to comply with the requirements the FCRA imposed on entities that furnish consumer information with respect to its investigation of lien number 03616029. Because Mann's argument opposing summary judgment centered on whether Hogan conducted a reasonable investigation into her dispute, Hogan is entitled to summary judgment. Hogan's motion for summary judgment is granted. This action is dismissed in its entirety. The status hearing set for 2/26/04 is stricken.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 19 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/18/2004 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA MANN, | ) | |
| | ) | FEB 1 9 2004 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02 C 7694 |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS and | ) | |
| DOLAN INFORMATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Angela Mann ("Mann") filed a three-count complaint against defendants, Experian Information Solutions ("Experian") and Hogan Information Services Company (incorrectly sued as Dolan Information, and hereinafter "Hogan"), alleging violations of the Fair Credit and Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*[1] Presently before us is Hogan's motion for summary judgment. For the reasons stated below, we grant Hogan's motion.

### Background[2]

In June 2002, Mann ordered a copy of her consumer disclosure report from Experian, a consumer

---

[1] This court has jurisdiction over the cause of action pursuant to 28 U.S.C. § 1331. Hogan does not contest that this court has personal jurisdiction or that venue is proper in this judicial district. *See* Def. Response to Pl. L.R. 56.1 Statement, ¶ 3.

[2] The following facts, unless otherwise noted, are culled from the properly pled portions of the parties' Local Rule 56.1 Statements of Material Facts and accompanying exhibits. The court also notes that for the five paragraphs of Hogan's 56.1 Statement of Facts Mann disputes, she only states, "Disputed. See Plaintiff's Statement of Facts at ¶" without specifying what paragraph supports her dispute. *See, e.g.,* Pl. Response to Def. L.R. 56.1 Statement, ¶¶ 6, 12-14, 17. Such a response is unhelpful to this court and fails to comply with Local Rule 56.1(b)(3)(A) which requires, "in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting material relied upon."



reporting agency. She received a copy of her consumer report on June 7, 2002, which reported that the Hamilton County Recorder had issued a tax lien in the amount of $67 (location number SQ03615029) against Mann. (Pl. Ex. A). Mann considered this tax lien to be an error so on August 1, 2002[3] she sent a dispute letter to Experian notifying it that she believed the tax lien to be an error and requesting that the lien be deleted from her credit file. She also requested that two other derogatory reports, from St. Vincent's Hospital and Indynet, be investigated or deleted from her file. (Pl. Ex. B). Mann apparently attached to her letter correspondence she had received from the Indiana Department of Revenue dated June 7, 2002 which stated that the tax lien issued in the amount of $331 was in error and therefore tax warrant number 03831256 should not have been issued. (Pl. Ex. C).

According to Mann, on August 13, 2003, she received a revised disclosure from Experian. (Pl. Ex. E). On that same day, Mann received a second copy of her Experian credit file. (Pl. Ex. F, at 2). The new copy reported that a tax lien in the amount of $67 from the Hamilton County Recorder had been released (location number SQ03615029). *Id.* A second tax lien from the Hamilton County Recorder in the amount of $331 was also included on her report (location number SQ03831256). Mann considered both liens to be in error and contends she contacted Experian again in order to contest both tax liens reported in her file.[4] In her complaint, Mann alleges she sent a letter to Experian on August

---

[3] In Mann's L.R. 56.1 Statement, she contends she sent this dispute letter on August 1. Plaintiff's Exhibit B is a typed dispute letter with a handwritten date of August 1, 2002. In her complaint, Mann stated that she sent Experian her dispute letter on August 21, 2002. (Compl. ¶ 11; Pl. Response to Def. L.R. 56.1 Statement, ¶ 11). In her response to Hogan's motion for summary judgment, Mann appears to be alleging that two different dispute letters were sent to Experian, one sent on August 1, 2002 and one reportedly sent after August 13, 2002. (Response, at 9). Mann has not submitted a copy or any other evidence of the second letter. However, for the purposes of this motion, we will assume that Mann sent both letters to Experian.

[4] Mann cites as support for this statement Exh. D at ¶ 16. Paragraph 16 of Exhibit D pertains to a different matter altogether.

21, 2002 notifying it of her dispute. Mann does not provide a copy of this letter or any documentation to support this contention.

Experian sent Hogan a Consumer Dispute Verification (CDV) form requesting that Hogan conduct an investigation. (Def. Ex. C). Hogan is an Oklahoma corporation that gathers public record information from court files and provides this information to certain consumer reporting agencies. (Def. Ex. A, ¶ 5). Hogan contracted with Experian to provide public record information to Experian about consumers. Hogan states it received a CDV request from Experian on August 22, 2002 seeking information relating to a tax lien issued against Mann in case number 03615029.[5] (Def. Ex. C). According to Hogan, the CDV did not include any documentation concerning the dispute that may have been submitted by Mann to Experian. Hogan verified that a tax lien in the amount of $67 was entered against Mann by the Hamilton County Recorder on March 26, 2002, and later was released.[6] (Def. Ex. D). The tax lien at issue was case number 03615029. On or around August 26, 2002, Hogan reported this information to Experian. (Def. Ex. A, ¶ 11). Mann does not provide any documentation as to how, or whether, subsequent credit reports issued by Experian reported the lien.

On October 25, 2002, Mann filed the instant action against Experian and Hogan alleging violations of the FCRA. In Count I, Mann alleges Experian violated the FCRA by disseminating inaccurate information about the liens entered against her. Mann contends that despite her efforts,

---

[5] Mann does not dispute Hogan received the CDV form from Experian relating to tax lien number 03615029 on August 22, 2002. (Pl. Response to Def. L.R. 56.1 Statement, ¶ 15). Mann has not pointed to any evidence that Hogan received any notice of the dispute until August 22, 2002 when it received the CDV form from Experian.

[6] Hogan reports in its argument section of its memorandum in support of its motion for summary judgment and in its reply brief that it verified this information with the Court Clerk and checked official court records. (Motion, at 6; Reply, at 6). Hogan does not include this fact in its L.R. 56.1 Statement and fails to cite to any affidavit or interrogatory response that would support this contention.

3

Experian continued to disseminate inaccurate information about the liens and that, as a result, she was denied credit on August 27, 29 and September 16, 2002. Count II asserts a defamation claim against Experian alleging Experian published false and derogatory statements about Mann's credit history to various creditors. Count III alleges Hogan violated the FCRA by failing to investigate Mann's dispute and failing to comply with the requirements of 15 U.S.C. § 1681s-2. Pursuant to a stipulation and agreement between Mann and Experian, the action against Experian was dismissed with prejudice on August 19, 2003. As such, only Count III against Hogan remains.

**Standard of Review**

Summary judgment is proper only when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed R. Civ. P. 56(c). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This standard places the initial burden on the moving party to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks omitted). Once the moving party has met this burden of production, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading" but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In deciding whether summary judgment is appropriate, we must accept the nonmoving party's evidence as true, and draw all inferences in that party's favor. *See Anderson*, 477 U.S. at 255. However, if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment is required. *Celotex*, 477 U.S. at 322. Finally, to avoid summary judgment, the nonmoving party must produce "more than a scintilla

4

of evidence" to support her position. *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (citation omitted).

**Analysis**

The Fair Credit Reporting Act was enacted in part to require that consumer reporting agencies adopt reasonable procedures to ensure the accuracy of the information contained in a consumer's credit report. *See* 15 U.S.C. § 1681(b). The FCRA imposes certain duties on consumer reporting agencies as well as on entities that furnish information to credit reporting agencies. 15 U.S.C. § 1681s-2. Mann claims that Hogan is a "furnisher of information" as that term is defined in the FCRA. When a consumer reporting agency notifies the furnisher of information of a dispute with regard to the completeness or accuracy of information furnished by a provider, the provider has a duty to conduct an investigation with respect to the disputed information, review all relevant information provided to it by the consumer reporting agency, and report the results of the investigation to the consumer reporting agency. *Id.* § 1681s-2(b)(1)(A)-(C). If the information is found to be incomplete or inaccurate, it must report the results to all consumer reporting agencies to which it provided the information. *Id.* § 1681s-2(b)(1)(D). The entity furnishing the information must satisfy these requirements within thirty days of its receipt of the notice of the dispute. *Id.* § 1681s-2(b)(2). If the entity furnishing the information negligently or willfully fails to comply with the FCRA, it is liable. *Id.* §§ 1681n, 1681o.

Mann contends that Hogan failed to conduct a reasonable investigation into her dispute. Mann's allegations are complicated by the fact that there were two different liens reported on her consumer report in August of 2002. The letter Mann attached to her dispute letter, from the Indiana Department of Revenue, references a lien for $331 (lien number 0381256) that was apparently issued erroneously by the Hamilton County Recorder on April 23, 2002. On the other hand, Hogan reports that it was asked by Experian to investigate a lien for $67 (lien number 03615029) that was issued by the Hamilton

5

County Recorder on March 26, 2002, and subsequently released. Mann does not distinguish between the two tax liens contained in her report. For clarity's sake, we will discuss each lien separately.

### A. Lien No. 03831256

Lien number 03831256 was filed against Mann by the Hamilton County Recorder on April 23, 2002 in the amount of $331. (Pl. Ex. C). This lien appeared on Mann's credit report issued by Experian August 13, 2002. (Pl. Ex. F at 2). Throughout her complaint and Local Rule 56.1 Statement of Facts, Mann discusses Hogan's investigation of her dispute about "a lien" but never specifies of which lien she complains. Mann was either confused or initially unaware of the existence of two liens – her credit report dated June 7, 2002 noted a lien for $67, her dispute letter referenced the lien noted in the June 7, 2002 credit report, but the letter she attached to dispute the existence of this lien referenced the $331 lien. Although both tax liens were issued by the Hamilton County Recorder, they were for different amounts and had different lien numbers. From the context Mann provides, it appears as though Mann is complaining only about Hogan's actions with regard to lien 03615029.[7]

If Mann is complaining about Hogan's actions with regard to lien 03831256, she has failed to come forth with any evidence that Hogan furnished any information about lien number 03831256 to Experian or was asked by Experian or any other consumer reporting agency to investigate lien number 03831256. Indeed, the Vice President of Hogan provided an affidavit specifically stating that Experian did not request that Hogan verify "anything relating" to tax warrant number 03831256. (Def. Ex. G, ¶ 12). The CDV form sent by Experian to Hogan does not include this warrant number either. Without

---

[7] Mann's own statement of facts, although only referring to "the lien" supports this interpretation of her complaint. Mann repeatedly claims that Hogan's response that "the lien had been released" was erroneous. (*See, e.g.*, Pl. L.R. 56.1 Statement ¶¶ 10, 15, 16). However, lien number 03831256 was not reported as released on the June 7 or August 13, 2002 credit reports, the two reports that apparently prompted her to contact Experian. Rather, lien number 03831256 was not reported on the June 7, 2002 report, and was simply reported as "filed" on the August 13, 2002, report. (Pl. Ex. F).

any evidence that Hogan furnished the information about this lien and because Experian did not notify Hogan as to any dispute relating to this tax lien, any claim against Hogan regarding lien number 03831256 should not proceed. *See, e.g., Dornhecker v. Ameritech Corp.*, 99 F. Supp.2d 918, 928-29 (N.D. Ill. 2000) (holding that a duty to investigate is not triggered until a credit reporting agency notifies the furnisher of information that credit information is disputed).

B.  Lien No. 03615029

Hogan does not dispute that Experian, through the use of a CDV form, requested that Hogan verify that lien number 03615029 was entered against Angela Mann. In opposing summary judgment, Mann asserts that Hogan did not perform a reasonable investigation of her dispute. (Response, at 10). Specifically, Mann contends that although she notified Experian of her dispute on two separate occasions, the tax lien was reported on her credit report as "released" and was never deleted from Mann's credit file. Mann states that she produced documentation from the State of Indiana reflecting that she was not responsible for a tax lien. She contends that because the tax lien was erroneously issued by the Indiana Department of Revenue, it never should have been updated to reflect it had been released; rather, it should have been deleted from her file altogether. (Response, at 18; Pl. L.R. 56.1 Statement, ¶ 10 (citing as support for this proposition the same Indiana Department of Revenue letter referencing the other lien)).[8] Moreover, Mann argues Hogan failed to perform a reasonable investigation into her dispute because the law provides Hogan thirty days to perform its investigation and Hogan "apparently did it in one day." (Response, at 16). Similarly, the only evidence that Hogan provided to show it conducted an investigation, she argues, was contained on one sheet of paper (apparently, Mann is

---

[8] Mann's suggestions as to how the information should have been reported appear to be complaints against Experian, the credit reporting agency, and not against Hogan, the furnisher of information. *See, e.g., Wade v. Equifax, et al.*, No. 02-C-3205, 2003 WL 22089694, at * 3 (N.D. Ill. Sep. 8, 2003) ("[The FCRA] does not require [entities that furnish information] to tell a consumer reporting agency what to delete or add to a credit report.").

7

referencing the one-page CDV form). Finally, Mann contends it was unreasonable that Hogan never contacted Mann during its investigation.

While the determination of the reasonableness of Hogan's procedures is treated as a factual question even when the underlying facts are disputed, if the reasonableness of the procedures is "beyond question," as it is in this case, summary judgment is proper. *See Crabill v. Trans Union*, 259 F.3d 662, 664 (7th Cir. 2001). Mann has offered no support for her contention that lien number 03615029 was reported in error.[9] Similarly, Mann has failed to point to any evidence that would indicate that Hogan violated the FCRA. Hogan received a CDV form from Experian regarding a tax lien numbered 03615029 issued against Mann. Pursuant to § 1681s-2(b) of the FCRA, Hogan performed its investigation, reviewed the material provided by Experian, and within thirty days of receiving the CDV form, it notified Experian of the results of its investigation: the $67 tax lien was entered against Angela Mann on March 26, 2002 and subsequently was released. This is what the FCRA requires. Mann has pointed to no authority that would require Hogan to conduct its investigation in the manner Mann posits.[10] Mann's argument that Hogan should have contacted her directly during its investigation is

---

[9] Mann has failed to produce any evidence that demonstrates that lien number 03615029, reported as issued on March 26, 2002 and subsequently released, was reported erroneously. Although she claims it was as such, the only support she provides for her assertion is the letter from the Indiana Department of Revenue which refers to another lien with a different lien warrant number issued against Mann on a different day for a different amount. Mann has provided no evidence to indicate that the letter from the Department of Revenue pertaining to the error it made issuing tax lien number 03831256 has any bearing on tax lien number 03615029.

[10] The case law Mann discusses in her response is inapposite. For instance, in *Cushman v. Trans Union Corp.*, 115 F.3d 220 (3d Cir. 1997), the court discussed the obligations of a credit reporting agency, not an entity furnishing information. Mann also points to *Bruce v. First U.S.A. Bank, Nat. Ass'n*, 103 F. Supp.2d 1135 (E.D. Mo. 2000). In that case, the district court adopted the reasonableness standard used in cases addressing credit reporting agencies' reinvestigations under § 1681i(a) and applied it to the investigations providers of information must conduct. It considered relevant: "1) whether the consumer has alerted the agency that the initial source of the information may be unreliable or if the agency knows or should know that the source is unreliable; and 2) the cost of verifying the accuracy of the source versus the possible harm of reporting inaccurate

without merit. She provides no support that such a step is mandated by the FCRA or that doing so would have altered the results of the investigation in this case. *See, e.g., Wade*, 2003 WL 22089694, at * 3 ("[T]he FCRA does not automatically require it to call or write a consumer who has disputed a debt."). Similarly, Mann's assertion that because Hogan was given thirty days in which to complete an investigation but completed it in four somehow shows the investigation was inadequate is specious.

In sum, Mann has failed to demonstrate that Hogan willfully or negligently failed to comply with the requirements the FCRA imposes on entities that furnish consumer information with respect to its investigation of lien number 03615029. Because Mann's argument opposing summary judgment centered on whether Hogan conducted a reasonable investigation into her dispute, Hogan is entitled to summary judgment.[11]

### Conclusion

For the foregoing reasons, Hogan's motion for summary judgment is granted. This action is dismissed in its entirety. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 2/18/04

---

information." *Id.* at 1143 (citations omitted). It determined that genuine issues of material fact precluded summary judgment because, *inter alia*, a factual dispute remained as to whether the information reported by defendant was accurate and plaintiff repeatedly notified consumer reporting agencies and defendant that the account with defendant had been opened fraudulently. Additionally, defendant's investigation consisted of solely consulting internal records which revealed the signatures in the account did not match plaintiff's signature. Nonetheless, defendant verified the debt belonged to plaintiff without further investigation. *Id.* at 1143-44. Even if we were to adopt the test used in *Bruce*, the plaintiff in this case has provided no information that Hogan was aware that the initial source was unreliable or that any other procedure would have yielded a different result.

[11] Mann has also failed to come forth with any evidence that she was denied credit or suffered any damages at all, let alone as a result of any of Hogan's actions.

9